AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
DAVID SZWARCSZTEJN, CA Bar No. 272371
david.szwarcsztejn@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
LA PETITE ACADEMY, INC., LEARNING CARE
GROUP (MI), INC. and AIMEE WARD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIA THOMPSON, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>LA PETITE ACADEMY, INC., a Delaware corporation; LEARNING CARE GROUP (MI), INC., a Michigan corporation; AIMEE WARD, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-4348<br><br>**DEFENDANT LEARNING CARE GROUP (MI), INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declarations of Monica M. Howard and Andrew Cook in Support of Removal]<br><br>Complaint Filed: May 11, 2022<br>Trial Date:     None |

PLEASE TAKE NOTICE THAT Defendant Learning Care Group (MI), Inc. ("LCG"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.  Defendants La Petite Academy, Inc. ("LPA") and Aimee Ward ("Ward") consent in this removal.  (LCG, LPA, and Ward are together referred to as "Defendants" herein.)  In support of such removal, Defendant states as follows:

## I.  PROCEDURAL BACKGROUND

On May 11, 2022, Plaintiff Asia Thompson ("Plaintiff") filed a class action complaint in the Superior Court of the State of California for the County of Los Angeles, entitled, "*Asia Thompson, individually, and on behalf of all others similarly situated, Plaintiff vs. La Petite Academy, Inc., Learning Care Group (MI), Inc., and Aimee Ward, and DOES 1 through 100, inclusive, Defendants*, Case No. 22STCV15788.

LCG received service of the Summons and Complaint on May 25, 2022. Copies of the Summons, Complaint, and all other documents served on LCG are attached as "**Exhibit A**."

Plaintiff's Complaint alleges nine causes of action: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Periods; (5) Waiting Time Penalties; (6) Wage Statement Violations; (7) Failure to Timely Pay Wages; (8) Violation of Labor Code § 227.3; and (9) Unfair Competition.

## II. CLASS ACTION FAIRNESS ACT JURISDICTION

### A. Basis of Original Jurisdiction.

The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, 1446 and

1453.

**B. <u>Number of putative class members.</u>**

Plaintiff alleges this putative class action on behalf of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Complaint ("Compl.") ¶ 21). Thus, assuming that the putative class, as defined by Plaintiff's Complaint, comprises all non-exempt employees employed by LPA in California at any time from May 11, 2018 to the present, the putative class includes at least 1,991 persons. (Declaration of Andrew Cook ("Cook Decl.") ¶ 5).

**C. <u>Diversity of the parties.</u>**

The minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizen of at least one defendant. *Id.* at (d)(2)(A). Plaintiff, a putative class member, is a citizen of the State of California. LCG is a corporation formed under the laws of the State of Michigan, with its principal place of business in Novi, Michigan. (Declaration of Monica M. Howard ("Howard Decl.") ¶¶ 4-8). Thus, LCG is a citizen of Michigan. LPA is a corporation formed under the laws of the State of Delaware, with its principal place of business in Novi, Michigan. (Howard Decl. ¶¶ 9-13). Thus, LPA is a citizen of Delaware and Michigan. 28 U.S.C. § 1332(c); *see* also *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

**D. <u>Amount in Controversy.</u>**

Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

**Third Cause of Action – Failure to Provide Meal Periods**. Plaintiff alleges that "Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on

which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws" (Compl. ¶ 13.) Plaintiff also alleges "[a]s a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods." (*Id*. at ¶ 49.) Further, Plaintiff alleges that Defendants' "policies and/or practices" are the cause of these alleged violation. (*Id*. at ¶ 29.)

Plaintiff further alleges that the failure to provide meal periods alleged in the Third Cause of Action constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (*Id*. at ¶¶ 89-92.) The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

Based on a review of LPA's business records, the 299 putative class members worked a total of approximately 469,299 work days over 5 hours from May 11, 2018 to the present, and received an average base hourly rate of $15.69. (Cook Decl. ¶ 7.)

Assuming, *arguendo*, the truth of Plaintiff's allegations, putative class members are entitled to recover at least **$1,472,660.26** for **unpaid meal period premium pay, assuming a conservative twenty percent (20%) violation rate**: $15.69 (average base hourly rate for putative class members during the four-year period) x 469,299 (work days over 5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = **$1,472,660.26**.

**Fifth Cause of Action – Waiting Time Penalties**.  Plaintiff alleges that: "Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination."  (Compl. ¶ 63.)  Plaintiff alleges that Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.."  (*Id*. at ¶ 64.)  Plaintiffs further allege that "Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days."  (*Id*. at ¶ 65.)  The statute of limitations for waiting time penalties under Labor Code §§ 201-203 is three years.  *See* Cal. Code of Civ. Proc. § 338(a).

Based on a review of LPA's business records, 1,213 putative class members separated from their employment with Defendant during the three-year period from May 11, 2018 to the present.  (Cook Decl. ¶ 6.)  These putative class members worked an average of 7.06 hours per day during their employment, and earned an average hourly wage of $15.56.  (*Id*. at ¶¶5-7.)

Assuming, *arguendo*, the truth of Plaintiff's allegations, and assuming conservatively that each of the terminated putative class members did not receive at least one (1) fully compliant meal break during the tenure of their employment and were not paid the meal premium pay in lieu thereof, the terminated putative class members are entitled to recover at least **$3,997,572.50** in waiting time penalties: $15.56 (average base hourly rate) x 7.06 (average work day) x 30 (maximum days of penalty pay) x 1,213 (number of putative class members terminated during three-

year period) = **$3,997,572.50.**

**Sixth Cause of Action – Wage Statement Violations**.  Plaintiff alleges that: "Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things." (Compl. ¶ 71.)  Plaintiff also alleges that Defendants "willfully provided wage statements that Defendants knew were not accurate." (*Id*. at ¶ 72.)  Plaintiff further alleges:  "Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee." (*Id*. at ¶ 74.)

Based on a review of LPA's business records, LPA employed 1,086 putative class members who were each issued a total of 18,565 wage statements for the applicable pay periods from May 11, 2021 to the present.  (Cook Decl. ¶ 7.)  Each of these 1,086 putative class members was issued fewer than 41 wage statements for the applicable pay periods during the one year limitations period from May 11, 2021 to the present. (*Id*.)

Thus, according to Plaintiff's allegations, these 1,086 putative class members are entitled to recover at least **$1,802,200** in wage statement penalties under Labor Code §226(e)**:  [1,086** (number of putative class members) **x $50**] + [(**18,565** (wage statements issued during one-year limitations period) **– 1,086** (number of 1-year putative class members)) x **$100**] = **$1,802,200.**

### E.    Summary of Amount in Controversy

Defendants deny all the material allegations of the Complaint and disputes all liability and Plaintiff's entitlement to any recovery.  Based on Plaintiff's allegations

and Defendants' denial, the Complaint places in actual controversy more than the required $5 million for purposes of removal under CAFA, even without considering the amounts placed in controversy by the other alleged claims (unpaid overtime and minimum wages, rest breaks, etc.) and attorney fees.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal Premiums | $1,472,660.26 |
| Waiting Time Penalties | $3,997,572.50 |
| Wage Statement Penalties | $1,802,200.00 |
| **Total** | **$7,272,433.77** |

Accordingly, removal of this action under CAFA is proper under Section 1332(d).

## III.   COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United State in which the action is pending.  The state court action was pending in the Los Angeles Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

As required by 28 U.S.C. § 1446, Defendants hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as "**Exhibit A**").  Defendants have not received any pleadings, process or orders besides those attached.  Defendants' Answers to the Complaint are attached hereto as **Exhibits B and C**.

WHEREFORE, Defendant removes this action to this Court.

1
2
DATED: June 24, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

3
4
5
By:  /s/ Aaron H. Cole
Aaron H. Cole
David Szwarcsztejn

6
7
8
Attorneys for Defendants
LA PETITE ACADEMY, INC., LEARNING CARE GROUP (MI), INC. and AIMEE WARD

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7