# EXHIBIT A

22STCV15788

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2022 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LA PETITE ACADEMY, INC., a Delaware corporation; LEARNING CARE GROUP (MI), INC., a Michigan corporation; AIMEE WARD, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ASIA THOMPSON, an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>County of Los Angeles -- Spring Street Courthouse<br>312 N. Spring Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br>22STCV15788 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

DATE: 05/11/2022                    Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*                    Clerk, by     G. Carini     , Deputy
                            *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* LA PETITE ACADEMY, INC., A DELAWARE CORPORATION
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

5/11/22

EXHIBIT A, PAGE 10

22STCV15788

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Buckley

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2022 04:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey C. Bils (Cal. Bar No. 301629)
*jbils@tomorrowlaw.com*
Joshua Shirian (Cal. Bar No. 341909)
*josh@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, ASIA THOMPSON and
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ASIA THOMPSON, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LA PETITE ACADEMY, INC., a Delaware corporation; LEARNING CARE GROUP (MI), INC., a Michigan corporation; AIMEE WARD, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 22STCV15788<br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. VIOLATION OF LABOR CODE § 227.3<br><br>9. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

1    Plaintiff Asia Thompson ("Plaintiff"), on behalf of Plaintiff and all others similarly situated,

2    alleges as follows:

3                              **GENERAL ALLEGATIONS**

4                                  **INTRODUCTION**

5        1.         This is a Class Action, pursuant to Code of Civil Procedure section 382, against La

6    Petite Academy, Inc., and any of its respective subsidiaries or affiliated companies within the State

7    of California ("La Petite"), Learning Care Group (MI), Inc., and any of its respective subsidiaries

8    or affiliated companies within the State of California ("Learning Care"), and Aimee Ward ("Ward"

9    and, with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and

10   all other current and former non-exempt California employees employed by or formerly employed

11   by Defendants ("Class Members").

12                                  **PARTIES**

13   A.       **Plaintiff**

14       2.         Plaintiff Asia Thompson is a resident of the State of California.  At all relevant times

15   herein, Plaintiff is informed and believes, and based thereon allege that Defendants employed

16   Plaintiff as a non-exempt employee, with duties that included, but were not limited to, lesson

17   planning and childcare.  Plaintiff is informed and believes, and based thereon allege that she worked

18   for Defendants from approximately January of 2019 through approximately August of 2021.

19   B.       **Defendants**

20       3.         Plaintiff is informed and believes and based thereon allege that defendant La Petite

21   is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of

22   the laws of the State of Delaware and doing business in the County of Los Angeles, State of

23   California.

24       4.         Plaintiff is informed and believes and based thereon allege that defendant Learning

25   Care is, and at all times relevant hereto was, a corporation organized and existing under and by

26   virtue of the laws of the State of Michigan and doing business in the County of Los Angeles, State

27   of California.

28   / / /

5.      Plaintiff is informed and believes and based thereon alleges that defendant Ward is, and at all times relevant hereto was, an individual residing in California, as well as a Director for La Petite and Learning Care, and DOES 1 through 100, as further defined below.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include La Petite, Learning Care, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as Ward and DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.      Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

3
CLASS ACTION COMPLAINT

1  corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

2  acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

3  aforementioned corporate employees, agents and representatives.

4       9.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based

5  thereon alleges that Defendants, and each of them, are joint employers.

6  **JURISDICTION AND VENUE**

7       10.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code

8  of Civil Procedure section 410.10.  On information and belief, the defendants or some of them reside

9  in Los Angeles County.  Defendant La Petite Academy, Inc. is, and at all times mentioned in this

10  complaint has been, a Delaware corporation doing business in California, with no designated

11  principal place of business in California identified in its statement filed with the Secretary of State.

12  Defendant Learning Care Group (MI), Inc. is, and at all times mentioned in this complaint has been,

13  a Michigan corporation doing business in California, with no designated principal place of business

14  in California identified in any Secretary of State filing.  As such, venue is proper in Los Angeles

15  County pursuant to California Code of Civil Procedure section 395.

16  **FACTUAL BACKGROUND**

17       11.     For at least four (4) years prior to the filing of this action and continuing to the

18  present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

19  some of them, in violation of California state wage and hour laws as a result of, without limitation,

20  Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

21  seven consecutive work days in a work week without being properly compensated for hours worked

22  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

23  worked on the seventh consecutive work day in a work week by, among other things, failing to

24  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

25  detriment of Plaintiff and Class Members.

26       12.     For at least four (4) years prior to the filing of this Action and continuing to the

27  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

28  or some of them, in violation of California state wage and hour laws as a result of, among other

4
CLASS ACTION COMPLAINT

1  things, at times, failing to accurately track and/or pay for all hours actually worked at their regular

2  rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

3      13.      For at least four (4) years prior to the filing of this Action and continuing to the

4  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

5  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

6  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on

7  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation

8  for such unprovided meal periods as required by California wage and hour laws.

9      14.      For at least four (4) years prior to the filing of this action and continuing to the

10  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or

11  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major

12  fraction thereof and failed to provide compensation for such unprovided rest periods as required by

13  California wage and hour laws.

14      15.      For at least three (3) years prior to the filing of this action and continuing to the

15  present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

16  full amount of their wages owed to them upon termination and/or resignation as required by Labor

17  Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

18  minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

19      16.      For at least one (1) year prior to the filing of this Action and continuing to the present,

20  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

21  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

22  earned; all applicable hourly rates in effect during the pay period and the corresponding number of

23  hours worked at each hourly rate and other such information as required by Labor Code section 226,

24  subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an

25  accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

26      17.      For at least one (1) year prior to the filing of this action and continuing to the present,

27  Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full

28  amount of their wages for labor performed in a timely fashion as required under Labor Code section

1 | 204.

2 |     18.      For at least four (4) years prior to the filing of this action and continuing to the

3 | present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

4 | employees or former employees within the State of California with compensation at their final rate

5 | of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

6 |     19.      Plaintiff, on their own behalf and on behalf of Class Members, brings this action

7 | pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,

8 | 227.3, 510, 512, 1194, 1194.2, 1197, 2810.3 and California Code of Regulations, Title 8, section

9 | 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and

10 | rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failing

11 | to pay vested vacation time at the proper rate of pay, other such provisions of California law, and

12 | reasonable attorneys' fees and costs.

13 |     20.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

14 | Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

15 | prohibiting Defendants from further violating the Labor Code and requiring the establishment of

16 | appropriate and effective means to prevent further violations, as well as all monies owed but

17 | withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

18 | restitution of amounts owed.

19 | **CLASS ACTION ALLEGATIONS**

20 |     21.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

21 | pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current

22 | and former non-exempt employees of Defendants within the State of California at any time

23 | commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice

24 | of the class action is provided to the class (collectively referred to as "Class Members").

25 |     22.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

26 | to amend or modify the class description with greater specificity, further divide the defined class

27 | into subclasses, and to further specify or limit the issues for which certification is sought.

28 | / / /

EXHIBIT A, PAGE 16

23.      This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity**

24.      The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

25.      Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

26.      There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

    C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

    D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

    E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

    F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

7

CLASS ACTION COMPLAINT

G.  Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.  Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.  Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.  Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.  Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

L.  Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

M.  Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

N.  Are Class Members entitled to costs and attorneys' fees?

O.  Are Class Members entitled to interest?

**C.    Typicality**

27.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.   Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

28.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.   Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

/ / /

/ / /

**E.**     <u>**Superiority of Class Action**</u>

29.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

30.     Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – Against All Defendants)**

31.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

32.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

33.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

34.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

/ / /

9

CLASS ACTION COMPLAINT

35.      Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay to the detriment of Plaintiff and Class Members.

36.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

37.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

38.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.      At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

40.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

41.      For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members.

10

CLASS ACTION COMPLAINT

42.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

43.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

#### (Failure to Provide Meal Periods – Against All Defendants)

44.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

45.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

46.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

47.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

48.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not

1  provided compliant meal periods.

2  49.  By their failure to provide Plaintiff and Class Members compliant meal periods as

3  contemplated by Labor Code section 512, among other California authorities, and failing, at times,

4  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

5  violated the provisions of Labor Code section 512 and applicable Wage Orders.

6  50.  As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

7  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

8  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

9  51.  Plaintiff and Class Members are entitled to recover the full amount of their unpaid

10  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

11  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

12  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

13  **FOURTH CAUSE OF ACTION**

14  **(Failure to Provide Rest Periods – Against All Defendants)**

15  52.  Plaintiff realleges and incorporates by reference all of the allegations contained in

16  the preceding paragraphs as though fully set forth hereat.

17  53.  At all relevant times, Plaintiff and Class Members were employees or former

18  employees of Defendants covered by applicable Wage Orders.

19  54.  California law and applicable Wage Orders require that employers "authorize and

20  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

21  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

22  half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

23  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

24  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

25  thirty (30) minutes of paid rest period.

26  55.  Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

27  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

28  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

1  regular rate of compensation for each work day that the rest period is not provided.

2      56.      For four (4) years prior to the filing of the Complaint in this Action through the

3  present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

4  timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

5  thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

6  Member's regular rate of compensation on the occasions that Class Members were not authorized

7  or permitted to take compliant rest periods.

8      57.      By their failure, at times, to authorize and permit Plaintiff and Class Members to take

9  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

10 regular rate of compensation for such unprovided rest periods, as alleged above, Defendants

11 willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

12     58.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

13 suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

14 owed for rest periods that they were not authorized or permitted to take.

15     59.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

16 additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

17 interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

18 Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

19                          **FIFTH CAUSE OF ACTION**

20          **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

21     60.      Plaintiff realleges and incorporates by reference all of the allegations contained in

22 the preceding paragraphs as though fully set forth hereat.

23     61.      At all relevant times, Plaintiff and Class Members were employees or former

24 employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

25 Wage Orders.

26     62.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

27 entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

28 Discharged Class Members were entitled to payment of all wages earned and unpaid prior to

1   discharge immediately upon termination.  Class Members who resigned were entitled to payment

2   of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation

3   or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and

4   unpaid at the time of resignation.

5        63.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3)

6   years before the filing of the Complaint in this Action through the present, Defendants, due to the

7   failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class

8   Members all wages earned prior to resignation or termination in accordance with Labor Code

9   sections 201 or 202.

10        64.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

11   Class Members all wages earned prior to termination or resignation in accordance with Labor Code

12   sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff

13   and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,

14   but intentionally adopted policies or practices incompatible with the requirements of Labor Code

15   sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

16   or resignation.

17        65.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

18   waiting time penalties from the date their earned and unpaid wages were due, upon termination or

19   resignation, until paid, up to a maximum of thirty (30) days.

20        66.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

21   suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

22   prior to termination or resignation.

23        67.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

24   1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

25   waiting time penalties, interest, and their costs of suit, as well.

26   / / /

27   / / /

28   / / /

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

68.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

69.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

70.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and among other things.

71.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.

72.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

73.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among

1  other things.

2      74.       Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members
3  are entitled to recover $50 for the initial pay period during the period in which violation of Labor
4  Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent
5  pay period, not to exceed an aggregate $4,000.00 per employee.

6      75.       Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil
7  Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to
8  recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable
9  attorneys' fees, and costs of suit.

10  **SEVENTH CAUSE OF ACTION**

11  **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

12      76.       Plaintiff realleage each and every allegation set forth in the preceding paragraphs and
13  incorporate each by reference as though fully set forth hereat.

14      77.       At all relevant times, Plaintiff and Class Members were employees or former
15  employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

16      78.       Labor Code section 204 provides that "[l]abor performed between the 1st and 15th
17  days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month
18  during which the labor was performed, and labor performed between the 16th and the last day,
19  inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following
20  month."

21      79.       Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely
22  independent and apart from, any other penalty provided in this article, every person who fails to pay
23  the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and
24  1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars
25  ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful
26  or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25
27  percent of the amount unlawfully withheld."

28  / / /

80.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

81.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

82.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 227.3 – Against All Defendants

83.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereon.

84.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

85.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

86.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

87.    As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

88.    As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## NINTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

89.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

90.    Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

91.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

92.    Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

93.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

94.     Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.     Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 1194, 1197, 1199 and 227.3;

D.     Liquidated damages pursuant to Labor Code sections 1194.2;

E.     Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F.     Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e);

G.     Waiting time penalties under Labor Code section 203;

H.     Penalties to timely pay wages under Labor Code section 210;

I.     Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

J.     Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

K.     Prejudgment and post-judgment interest at the maximum rate allowed by law;

/ / /

/ / /

L.      For attorneys' fees in prosecuting this action;

M.      For costs of suit incurred herein; and

N.      For such other and further relief as the Court deems just and proper.

Dated:  May 11, 2022                              BIBIYAN LAW GROUP, P.C.

BY: _____
DAVID D. BIBIYAN
JEFFREY C. BILS
Attorneys for Plaintiff ASIA THOMPSON on
behalf of herself and all others similarly situated

20
CLASS ACTION COMPLAINT

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to
      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling
      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission
      of documents to the Court for processing which may contain one or more PDF documents
      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a
      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2)  MANDATORY ELECTRONIC FILING

a)  Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b)  Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c)  Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

EXHIBIT A, PAGE 32

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

---

3
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)    Declarations;

    iii)    Exhibits (including exhibits to declarations);

    iv)    Transcripts (including excerpts within transcripts);

    v)    Points and Authorities;

    vi)    Citations; and

    vii)    Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11)  SIGNATURES ON ELECTRONIC FILING

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6  This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: May 11, 2011

5

6                                   Carolyn B. Kuhl, Supervising Judge of the
                                    Civil Departments, Los Angeles Superior Court
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A, PAGE 40

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 04/21
For Mandatory Use

Page 1 of 2

EXHIBIT A, PAGE 41

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

EXHIBIT A, PAGE 44

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | Clear |

EXHIBIT A, PAGE 45

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save

EXHIBIT A, PAGE 49

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

EXHIBIT A, PAGE 50

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2022 04:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>BIBIYAN LAW GROUP, P.C. David D. Bibiyan (Cal. Bar No. 287811)<br>8484 Wilshire Blvd , Suite 500, Beverly Hills, California 90211<br><br>TELEPHONE NO.: 310-438-5555   FAX NO. *(Optional):* 310-300-1705<br>E-MAIL ADDRESS: david@tomorrowlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: ASIA THOMPSON | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 312 N. Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Spring Street Courthouse |

| CASE NAME:<br>THOMPSON v. LA PETITE ACADEMY, INC., et al. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22STCV15788 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [x] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [x] Substantial amount of documentary evidence
   - d. [x] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2022

Jeffrey C. Bils
_____
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

EXHIBIT A, PAGE 52

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        *Premises Liability (e.g., slip
            and fall)*
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.
**Print this form**    **Save this form**    **Clear this form**

EXHIBIT A, PAGE 53

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2022 03:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Valenzuela,Deputy Clerk

1  AARON H. COLE, CA Bar No. 236655
   aaron.cole@ogletree.com
2  DAVID SZWARCSZTEJN, CA Bar No. 272371
   david.szwarcsztejn@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:    213-239-9800
   Facsimile:    213-239-9045
6
   Attorneys for Defendant
7  LA PETITE ACADEMY, INC.

8
                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                      **FOR THE COUNTY OF LOS ANGELES**
10

| | |
|---|---|
| ASIA THOMPSON, an individual and on behalf of all others similarly situated, | Case No. 22STCV15788 |
| Plaintiff, | **DEFENDANT LA PETITE ACADEMY, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| vs. | [Assigned for all purposes to The Honorable Daniel J. Buckley, Dept. 1, SSC] |
| LA PETITE ACADEMY, INC., a Delaware corporation; LEARNING CARE GROUP (MI), INC., a Michigan corporation; AIMEE WARD, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | Action Filed:      May 11, 2022<br>Trial Date:        None |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    1
                    DEFENDANT LA PETITE ACADEMY, INC.'S
              ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT        EXHIBIT B, PAGE 55

Defendant LA PETITE ACADEMY, INC. ("Defendant" or "LPA") answers the Class Action Complaint ("Complaint") filed by Plaintiff ASIA THOMPSON ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff.  Defendant denies, generally and specifically, that Plaintiff or the putative class members have been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff or the putative class members are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint and each cause of action, claim and allegation contained therein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff is required to arbitrate the claims raised in the Complaint against Defendant on an individual basis pursuant to an enforceable arbitration agreement that Plaintiff entered into during Plaintiff's employment.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.      The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

3.      Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

2

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, by one or more of the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Standing – Class Action)**

5.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members as to some or all of the purported claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part, by the doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

7.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.      As a separate and affirmative defense to the Complaint and to each purported cause

3

of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.   As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## TENTH AFFIRMATIVE DEFENSE

### (*Res Judicata* and Estoppel)

10.   As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.   As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Process / Class Certification)

12.   As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

13.     The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Exemption from State Overtime and Meal and Rest Break Requirements)**

14.     Plaintiff was exempt from the overtime compensation and meal and rest break requirements contained in the Labor Code and in the applicable wage orders of the Industrial Welfare Commission.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

15.     The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith but Mistaken Belief)**

16.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Availability of Damages)**

17.     Pursuant to Business & Professions Code section 17200 et seq., Plaintiff is not entitled to an award of damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Liability For Hours That Are Not Working Time)**

18.     The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

19.     Plaintiff's and/or the putative class' claims are barred, in whole or in part, by the waiver of the right to meal and/or rest breaks in accordance with applicable law to the extent Plaintiff and/or putative class, at their election and not at the direction of Defendant, did not take the opportunity and instead worked during all or a portion of their provided meal and/or rest breaks and/or did not take the opportunity for a meal break by the end of the fifth hour.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

20.     The Complaint, and each and every cause of action alleged therein, fails to state a claim for waiting time penalties under Labor Code section 203 and applicable federal law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith Dispute That Wages Are Due)

21.     As a separate and affirmative defense to each purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 203, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any penalties under California Labor Code § 203 because at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Uncertainty – Conclusory Allegations)

22.     The Complaint, and each and every cause of action alleged therein, is barred because the Complaint is uncertain in that the purported class allegations are conclusory.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties)

23.     The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-

6

1  2000, and any award of such penalties or damages would, in general or under the facts of

2  Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the

3  United States and California Constitutions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unknown Hours Worked)**

24.     The Complaint, and each and every cause of action alleged therein, is barred or at least limited, by the doctrine of unknown hours worked.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Intentional Failure)**

25.     As a separate and affirmative defense to each purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 226, Defendant alleges that even assuming arguendo Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Releases)**

26.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant, or any of them, that are being asserted in the Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Cannot Satisfy Class Action Requirements)**

27.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a

7

1  class, group, representative, and/or collective action, including but not limited to commonality,

2  numerosity, and/or ascertainability.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (De Minimis Violations)

5      28.     As a separate and affirmative defense to the Complaint and to each purported cause

6  of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that

7  Plaintiff's claims are barred on the grounds and/or to the extent that they are based on alleged de

8  minimis violations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

11      29.     As a separate and affirmative defense to Plaintiff's cause of action for alleged

12  violation of California Business and Professions Code § 17200, et seq., Defendant alleges that the

13  claims brought by Plaintiff and putative members of the purported class action are barred, in whole

14  or in part, because Defendant's business practices are not and were not unlawful in that Defendant

15  complied with all applicable statutes and regulations and/or in conformity with industry standards.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

18      30.     As a separate and affirmative defense to the Complaint, Defendant alleges that the

19  claims of Plaintiff and/or some of the putative members of the purported class action defined in the

20  Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and

21  payment.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses)

24      31.     Defendant may have additional defenses that cannot be articulated due to Plaintiff's

25  failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of

26  certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more

27  specific information concerning the nature of the damage claims and claims for certain costs which

28  Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the

8

1  right to assert additional defenses upon further particularization of Plaintiff's claims, upon

2  examination of the documents provided, upon discovery of further information concerning the

3  alleged damage claims and claims for costs, and upon the development of other pertinent

4  information.

## PRAYER FOR RELIEF

6       WHEREFORE, Defendant prays for judgment as follows:

7      1.    That Plaintiff takes nothing by way of the Complaint;

8      2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of

9          action;

10     3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

11     4.    That Defendant be awarded such other and further relief as the Court may deem just

12         and proper.

13

14 DATED:  June 16, 2022

                   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

16

17                   By: _____

18                      Aaron H. Cole

                     David Szwarcsztejn

19                    Attorneys for Defendant

20                    LA PETITE ACADEMY, INC.

21

22

23

24

25

26

27

28

9

**PROOF OF SERVICE**
*Asia Thompson v. LA Petite Academy, Inc., et al.*
Case No. 22STSV15788

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

On June 16, 2022, I served the following document:

**DEFENDANT LA PETITE ACADEMY, INC.'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

**BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| David D. Bibiyan, Esq.<br>Jeffrey C. Bils, Esq.<br>Joshua Shirian, Esq.<br>BIBIYAN LAW GROUP, P.C.<br>8484 Wilshire Boulevard, Suite 500<br>Beverly Hills, CA  90211<br>Telephone:   (310) 438-5555<br>Facsimile:    (310) 300-1705<br>Email:        david@tomorrowlaw.com<br>            jbils@tomorrowlaw.com<br>            josh@tomorrowlaw.com | Attorneys for Plaintiff<br>Asia Thompson and on behalf of herself and all others similarly situated |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 16, 2022, at Los Angeles, California.

Sasan Ektefaie
_____
Type or Print Name

_____
Signature

PROOF OF SERVICE

EXHIBIT B, PAGE 64

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 06/24/2022 11:55 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gnade,Deputy Clerk

1  AARON H. COLE, CA Bar No. 236655
   aaron.cole@ogletree.com
2  DAVID SZWARCSZTEJN, CA Bar No. 272371
   david.szwarcsztejn@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:    213-239-9800
   Facsimile:    213-239-9045
6
   Attorneys for Defendants
7  LA PETITE ACADEMY, INC., LEARNING
   CARE GROUP (MI), INC., AND AIMEE
8  WARD

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 12  ASIA THOMPSON, an individual and on behalf of all others similarly situated, | Case No. 22STCV15788 |
| 13                 Plaintiff, | **DEFENDANTS LEARNING CARE GROUP (MI), INC. AND AIMEE WARD'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| 14         vs. | |
| 15  LA PETITE ACADEMY, INC., a Delaware corporation; LEARNING CARE GROUP (MI), INC., a Michigan corporation; AIMEE WARD, an individual; and DOES 1 through 100, inclusive, | [Assigned for all purposes to The Honorable Daniel J. Buckley, Dept. 1, SSC] |
| 16 | |
| 17 | Action Filed:    May 11, 2022 |
| 18                 Defendants. | Trial Date:       None |

19

20

21

22

23

24

25

26

27

28

                                      1
DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   Defendants LEARNING CARE GROUP (MI), INC. and AIMEE WARD ("Defendants")

2   answer the Class Action Complaint ("Complaint") filed by Plaintiff ASIA THOMPSON

3   ("Plaintiff") as follows:

**GENERAL DENIAL**

5   Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

6   Defendants deny, generally and specifically, each and every allegation contained in the Complaint

7   filed herein by Plaintiff.  Defendants deny, generally and specifically, that Plaintiff or the putative

8   class members have been damaged in any sum, or at all, by reason of any act or omission on the

9   part of Defendants, or by any act or omission by any agent or employee of Defendants.  Defendants

10   further deny, generally and specifically, that Plaintiff or the putative class members are entitled to

11   any relief whatsoever.

**AFFIRMATIVE DEFENSES**

13   As separate and affirmative defenses to the Complaint and each cause of action, claim and

14   allegation contained therein, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration)**

17   1.   As a separate and affirmative defense to the Complaint and to each purported cause

18   of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

19   Plaintiff is required to arbitrate the claims raised in the Complaint against Defendants on an

20   individual basis pursuant to an enforceable arbitration agreement that Plaintiff entered into during

21   Plaintiff's employment.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

24   2.   The Complaint, and each and every cause of action alleged therein fails to state facts

25   sufficient to constitute a cause of action for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

28   3.   Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate

2

EXHIBIT C, PAGE 67

remedies at law.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part, by one or more of the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing – Class Action)

5.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendants allege that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members as to some or all of the purported claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part, by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

EXHIBIT C, PAGE 68

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

**TENTH AFFIRMATIVE DEFENSE**

**(*Res Judicata* and Estoppel)**

10.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

11.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Due Process / Class Certification)**

12.      As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

certification of a class action would be an unconstitutional denial of Defendants' rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

13.     The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

14.     The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

15.     The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were justified by its good faith but mistaken belief.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Availability of Damages)

16.     Pursuant to Business & Professions Code section 17200 et seq., Plaintiff is not entitled to an award of damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Liability For Hours That Are Not Working Time)

17.     The Complaint, and each and every cause of action alleged therein, is barred to the extent that the hours for which Plaintiff claims compensation are not working time under California state law, including the applicable California Industrial Welfare Commission Wage Orders.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

18.     Plaintiff's and/or the putative class' claims are barred, in whole or in part, by the

EXHIBIT C, PAGE 70

1  waiver of the right to meal and/or rest breaks in accordance with applicable law to the extent

2  Plaintiff and/or putative class, at their election and not at the direction of Defendants, did not take

3  the opportunity and instead worked during all or a portion of their provided meal and/or rest breaks

4  and/or did not take the opportunity for a meal break by the end of the fifth hour.

5  <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

6  **(No Waiting Time Penalties)**

7  19.    The Complaint, and each and every cause of action alleged therein, fails to state a

8  claim for waiting time penalties under Labor Code section 203 and applicable federal law.

9  <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

10  **(Good Faith Dispute That Wages Are Due)**

11  20.    As a separate and affirmative defense to each purported cause of action alleged in

12  the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor

13  Code § 203, Defendants allege that Plaintiff and the alleged putative class members are not entitled

14  to any penalties under California Labor Code § 203 because at all relevant times, there has been a

15  good faith dispute that any wages are or have been due, thereby precluding the imposition of any

16  waiting time penalties against Defendants.

17  <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

18  **(Uncertainty – Conclusory Allegations)**

19  21.    The Complaint, and each and every cause of action alleged therein, is barred

20  because the Complaint is uncertain in that the purported class allegations are conclusory.

21  <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

22  **(Unconstitutionality of Penalties)**

23  22.    The Complaint, and each and every cause of action alleged therein, is barred in that

24  Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks

25  under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-

26  2000, and any award of such penalties or damages would, in general or under the facts of

27  Plaintiff's particular claims, violate Defendants' constitutional rights under the provisions of the

28  United States and California Constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unknown Hours Worked)

23.     The Complaint, and each and every cause of action alleged therein, is barred or at least limited, by the doctrine of unknown hours worked.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Intentional Failure)

24.     As a separate and affirmative defense to each purported cause of action alleged in the Complaint by Plaintiff and the alleged putative class members pursuant to California Labor Code § 226, Defendants allege that even assuming arguendo Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Releases)

25.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendants, or any of them, that are being asserted in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Cannot Satisfy Class Action Requirements)

26.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action, including but not limited to commonality, numerosity, and/or ascertainability.

EXHIBIT C, PAGE 72

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (De Minimis Violations)

27.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendants allege that Plaintiff's claims are barred on the grounds and/or to the extent that they are based on alleged de minimis violations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

28.    As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California Business and Professions Code § 17200, et seq., Defendants allege that the claims brought by Plaintiff and putative members of the purported class action are barred, in whole or in part, because Defendants' business practices are not and were not unlawful in that Defendants complied with all applicable statutes and regulations and/or in conformity with industry standards.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

29.    As a separate and affirmative defense to the Complaint, Defendants allege that the claims of Plaintiff and/or some of the putative members of the purported class action defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Defenses)

30.    Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendants may share some responsibility. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;

3. That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED:  June 24, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Aaron H. Cole
David Szwarcsztejn

Attorneys for Defendants
LA PETITE ACADEMY, INC., LEARNING CARE GROUP (MI), INC., AND AIMEE WARD

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT C, PAGE 74

1

2

**PROOF OF SERVICE**
*Asia Thompson v. LA Petite Academy, Inc., et al.*
Case No. 22STSV15788

3

4

5

     I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071.

6

     On June 24, 2022, I served the following document:

7

8

**DEFENDANTS LEARNING CARE GROUP (MI), INC.
AND AIMEE WARD'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT**

9

10

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

11

12

13

**BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14

15

16

17

18

David D. Bibiyan, Esq.
Jeffrey C. Bils, Esq.
Joshua Shirian, Esq.
BIBIYAN LAW GROUP, P.C.
8484 Wilshire Boulevard, Suite 500
Beverly Hills, CA  90211
Telephone:   (310) 438-5555
Facsimile:    (310) 300-1705
Email:        david@tomorrowlaw.com
              jbils@tomorrowlaw.com
              josh@tomorrowlaw.com

Attorneys for Plaintiff
Asia Thompson and on behalf of herself and all others similarly situated

19

20

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

     Executed on June 24, 2022, at Los Angeles, California.

22

23

Sasan Ektefaie
_____
Type or Print Name

_____
Signature

24

25

26

27

28